GRIDER v. WOOD et al.†

(Circuit Court of Appeals, Eighth Circuit.   May 4, 1910.)

No. 3,058.

1. PARTITION (§ 95*)—FINAL DECREE FOR ACTUAL PARTITION—OPERATION AND EFFECT—LAND OMITTED FROM DECREE.

A final decree making partition of a tract of land between owners of undivided interests, based on a survey made for the purpose, the allotment to each party being described by metes and bounds, did not in any way affect the title to a portion of the original tract, which at the time of suit had been cut off from the remainder by a change in the course of a river and was submerged, and which was not embraced in the survey nor divided in severalty, but on its restoration by the return of the river to its old channel it was left in the same ownership as before the partition.

[Ed. Note.—For other cases, see Partition, Dec. Dig. § 95.*]

2. DEEDS (§ 114*)—CONSTRUCTION AND EFFECT—DEED TO UNDIVIDED ACRES IN A LARGER TRACT.

A deed conveying a specified number of undivided acres in a tract of land is in effect a conveyance of such a proportionate interest as the number of acres conveyed bears to the whole number of acres in the tract, being in legal effect the same as though the interest were directly expressed as an undivided fractional part.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 388;  Dec. Dig. § 114.*]

In Error to the Circuit Court of the United States for the District of Kansas.

Action by Warner U. Grider against Annie B. Wood and others. Judgment for defendants, and plaintiff brings error.   Reversed.

Frank Doster (Hunter M. Meriwether, on the brief), for plaintiff in error.

Charles Blood Smith (Clifford Histed, W. L. Wood, and J. O. Fife, on the brief), for defendants in error.

Edward C. Wright, for defendants in error James and Fennell.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge.   This was an action by Warner U. Grider against Annie B. Wood and others to recover an interest as a tenant in common with them in some land in Wyandotte county, Kan.   The

─────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied June 13, 1910.

trial court directed a verdict for defendants, and Grider, the plaintiff, sued out this writ of error.

In 1857 one Silas Armstrong received a patent from the United States for a tract of land lying in the fork of the Kansas and Missouri rivers. Its area does not definitely appear in the record, but it is certain there were more than 200 acres. Various interests in the land were afterwards conveyed to other parties, some of whom secured specified undivided acres, and other specified fractional proportions. One of the deeds made by Armstrong conveyed an undivided 47.50 acres to Thomas H. Swope. Swope in turn conveyed an undivided 12.50 acres to the Union Pacific Railway Company, Eastern Division, under whom the plaintiff now claims. In 1867 a suit was begun in a state court of Wyandotte county for the partition of the property. All the tenants in common, including the Union Pacific Company, were parties. In the petition, and in some of the proceedings of the court, the tract of land was recited as containing 250 acres, more or less; but the court appointed a surveyor to ascertain the true quantity. A decree was entered, specifying the respective interests of the parties, appointing commissioners, and directing that partition be made accordingly. The commissioners reported that a survey made during the April term, 1867, disclosed that the tract then contained 208.4 acres, but that a survey made in the following July showed the area had been reduced to 200 acres by the action of the rivers. They also reported allotments in severalty to all having interests upon the assumption that the tract contained 200 acres, and the part set off to each party was described by metes and bounds. The Union Pacific Company received 11.58 acres. The report was confirmed by the court October 15, 1867.

The present action relates to a part of the Armstrong tract, containing about 35 acres, which at the time of the partition in 1867 had been cut off from the 200 acres above referred to by a sudden change in the channel of the Missouri river and was then submerged by the waters at flood stage. When the waters subsided, a part of it reappeared as an island, and about 30 years later, when the river had entirely resumed its former channel, the island, with its accretions, reached the shore of the mainland from which it had been detached. This restored land, now in controversy, was claimed by the then owners of the shore as an accretion. It was also claimed by the present defendants Annie B. Wood and others as an unpartitioned parcel of the original Armstrong tract, on the ground that their title had not been devested by the action of the river in 1867. There was litigation in the state courts between the shore owners and the defendants in the action now before us, which finally resulted in 1906 in favor of the latter. Fowler v. Wood, 73 Kan. 511, 85 Pac. 763, 6 L. R. A. (N. S.) 162, 117 Am. St. Rep. 534. The defendants are those whose interests in the Armstrong tract were expressed in undivided fractional proportions, as distinguished from undivided acres. The Union Pacific Company, whose interest was described as undivided acres, was not a party to that litigation. The plaintiff, as the grantee of the company, now seeks recognition as a tenant in common with de-

fendants in the land recovered. The trial court, in directing a verdict for defendants, did not determine whether plaintiff was the successor in title of the company, but held that the decree of 1867 destroyed the tenancy in common as to all the land, and the company, therefore, had no legal title to the unpartitioned portion which defendants had recovered from others.

We think the court erred. The record of the suit of 1867 shows beyond all question that the land now in controversy was not then partitioned or set off to any one or more of the tenants in common. It lies wholly outside the boundaries of the parcels allotted in severalty. Aside from the question whether part of the co-owners were satisfied and their interests extinguished by what they received of the partitioned land, the unpartitioned portion was left in the same ownership as before. Nothing was done that dissolved the community of interest. It would be quite difficult to define the status of an estate where a tenancy in common had been destroyed without investiture of the title in one or more of the former co-owners or in designated third parties. The legal title must be somewhere. It would not escheat to the government, from which it originally proceeded, nor revert to the common grantor. The ancient difference between a judgment and writ of partition at common law and a partition in a court of chancery in its effect upon the title has been largely superseded in this country by legislative enactments. Gay v. Parpart, 106 U. S. 679, 1 Sup. Ct. 456, 27 L. Ed. 256. And now, generally speaking, the final judgment or decree of confirmation effects the partition and operates by its own force to vest the titles in severalty. But an interlocutory decree, defining the undivided interests of the parties and directing that division of the land be made, does not, without more, destroy the tenancy in common. There must be an actual division and allotment, confirmed by final decree of the court, and, necessarily, only such land is affected as is embraced therein. When the partition was made of the 200 acres in 1867, it was doubtless assumed the remainder was gone forever, or possibly that there was no value in the chance of its restoration. But whether the omission was by oversight or design is not material. All participated in it, and it did not destroy the common ownership of the unpartitioned parcel, nor operate to transfer the interest of one co-owner to another. This conclusion requires a reversal of the judgment.

The other questions presented are primarily for the determination of the trial court. A determination of them here might be rendered inconclusive by the submission of other evidence than appears in the present record. We purposely refrain from expressing any opinion as to whether plaintiff's grantor, the Union Pacific Company, received its full share of the entire tract in the partition of 1867, and whether, if plaintiff is entitled to any share of the restored land, it is in all thereof, or only in the 8.4 acres lost between the two surveys mentioned in the proceedings in that suit. It may be said, however, that it is well settled that a deed conveying a specified number of undivided acres in a tract of land is in effect a conveyance of such a proportionate interest as the number of acres conveyed bears to the whole

number of acres in the tract. Gratz v. Improvement Co., 27 C. C. A. 305, 82 Fed. 381, 40 L. R. A. 393. The legal effect is the same as though the interest were directly expressed as an undivided fractional part. The proportionate interest, determined as of the date of the deed, is thenceforth subject to the same fortune as the interests of other co-owners expressed in fractions, whether the tract grows by accretion or diminishes by erosion, unless a contrary intent appears from the face of the instrument.

The judgment is reversed, and the cause remanded for a new trial.